UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STACY COGLIANESE, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BANANA REPUBLIC, LLC, )<br>)<br>Defendant. | CIVIL ACTION NO.: 1:21-cv-04959 |

### DEFENDANT BANANA REPUBLIC'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTION TO DISMISS

Defendant Banana Republic, LLC ("Banana Republic") respectfully files this notice of supplemental authority in support of its motion dismiss (ECF No. 9), to bring to the Court's attention the Decision and Order Granting Defendant's Motion to Dismiss issued on May 19, 2022, in *Cota v. Ralph Lauren Corp.*, 21-C-1089, 2022 WL 1597631 (E.D. Wis.) (attached hereto as **Exhibit A**).

In *Cota*, the plaintiff—represented by the same counsel as Plaintiff in this matter—brought a putative class action against Ralph Lauren Corporation ("RLC"), alleging that unidentified RLC products contain less pima cotton than RLC advertises. Cota's allegations and claims were almost identical to those at issue before this Court: Although *Cota* pertained to "pima cotton" and this case concerns "Supima® cotton," both cases alleged equivalent causes of action.[1]

When faced with a motion to dismiss similar to the one pending in this Court, *Cota* granted

---

[1] Cota brought claims for violations of the Wisconsin Deceptive Trade Practices Act ("WDTPA"), the Arkansas Deceptive Trade Practices Act, the Iowa Consumer Fraud Act, negligent misrepresentation, fraud, unjust enrichment, breach of express warranty, breach of the implied warranty of merchantability, and the Magnuson Moss Warranty Act ("MMWA"). The claims here are essentially the same, except they allege violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") instead of the WDTPA.

the defendant's motion to dismiss in its entirety. *See, e.g.*, *Cota*, 2022 WL 1597631, at \*3; *id.* at \*4–5 (dismissing deceptive trade practices claims, negligent misrepresentation and fraud claims because the complaint offered "purely speculative allegations that fail to establish anything more than the mere possibility of misconduct"); *id.* at \*4 (dismissing common law warranty claims because plaintiff failed to provide adequate notice of the purported breaches and the MMWA claim for failure "to plead with any level of specificity the warranty that RLC allegedly made"); *id.* (dismissing unjust enrichment claim because plaintiff received "a product for a price, and although she may have been disappointed with the product, that does not entitle her to continue with a claim for unjust enrichment").

  The court dismissed the complaint without prejudice, but rather than choose to refile, Cota instead filed a notice of voluntary dismissal with the court. *See Cota v. Ralph Lauren Corp.*, 21-C-1089, ECF No. 15 (E.D. Wis. June 9, 2022).

Date: June 13, 2022                                         Respectfully submitted,


/s/ Michael D. Roth
Michael D. Roth
Livia M. Kiser
KING & SPALDING LLP
633 West Fifth Street
Suite 1600
Los Angeles, CA 90071
Telephone: +1 213 443-4355
Facsimile: +1 213 443 4310
Email: mroth@kslaw.com
           lkiser@kslaw.com

Suzanne E. Nero
KING & SPALDING LLP
50 California Street
Suite 3300
San Francisco, CA 94111
Telephone: +1 415 318 1200
Facsimile: +1 415 318 1300
Email: snero@kslaw.com

*Attorneys for Defendant Banana Republic, LLC*